J. S. BLEDSOE'S ADMR., ET AL, *v.* G. AND D. BOWMAN'S ADMR., ET. AL.

**Wills—Construction—Legacy to Grandchildren.**

 A legacy "to be equally divided among my son E. S. Bowman, and my two grandsons of the aforesaid E. S. Bowman," held to mean "three equal parts," in which the estate was to be divided.

**Same.**

 The grandchildren would take per capita with their father, while alive.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

March 9, 1870.

44

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellants assign errors, and appellees assign cross errors. The suit was brought to surcharge the settlement of the decedent J. S. Bledsoe as executor of last will of Mary F. Bowman, deceased. In his settlement he is allowed for voucher No. 1 $382.25 as paid D. Joel Owsley October 22, 1850, and $152.50 in voucher No. 3 paid Drs. Owsley and Cheek at same time. The evidence of Owsley and Cheek and the bill of sale for three slaves made by the testatrix to Owsley and the memorandum at the foot of voucher No. 1 leave but little doubt that the county court settlement was erroneous as to these items and the circuit court properly corrected them.

But it erroneously rejected voucher No. 12, for the $250 paid by Bledsoe to C. C. Alexander to be paid to E. S. Bowman one of the legatees, then residing in Texas, dated March 21, 1851, for it is evident, by Bowman's subsequent letter of October 25, 1852, that he recognized all past payments to 'Clint" which we understand to refer to C. C. Alexander, which taken in connection with the other facts developed in the evidence renders it morally certain that E. S. Bowman was satisfied with this payment to Alexander. It was therefore erroneous to reject this verdict. The court adjudicated to Edward S. Bowman one half of the Herreford notes bequeathed by the testatrix "to be equally divided between my son Edward S. Bowman and my two grand-sons Granville Bowman and Dallas Bowman, both sons of the aforesaid Edward S. Bowman."

This bequest amounted to near two thousand dollars and the sons and their administrator claim that they should each share equally with their father and not unequally as adjudged. If these had been grand-sons by another child there would then have been more potent reasons for supposing the testatrix intended they should share what would have peremptorily been given to their parent, but here they were children of the legatee E. S. Bowman, who was still alive, under these circumstances it must be presumed the testatrix intended what she said that the bequest was equally to the three that is, E. S. Bowman and his two sons. So the court erred to the prejudice of the testatrix's grand-sons.

Wherefore, for the reasons assigned the judgment is reversed on both the original and cross appeal, with directions for further

proceedings consistent herewith; and because of these mutual errors no costs are assigned to either party

The parties will be allowed to amend their pleadings. The cause when prepared should be referred to a commissioner to ascertain and report balance sheet and take additional proof of rejected vouchers or claims either way.

*Alexander, Barnett & Edwards, for appellants.*

*James, for appellees.*